Jewell A. BROWN and Jane
Rose, Appellants,

v.

NEW YORK STATE TEACHERS' RE-
TIREMENT SYSTEM; Kenneth E.
Buhrmaster, Hiram Korpeck, Nicholas
Maletta, Frank Wells McCabe, Ellis Os-
trove, Richard E. Ten Haken, Carl Fre-
deen, Roderick Sager, and Margaret
Mary Walsh, individually and as mem-
bers of the New York State Teachers'
Retirement Board; Albert B. Lewis, in-
dividually and as Superintendent of the
New York State Insurance Department;
Spiro Bellow, Margaret Johnson, Ange-
lo Papa, Thomas Terwilliger, Sheridan
Hardenburg, Ralph Rasmusson, and J.
Ronald Seasted, individually and as
members of the Board of Education of
the Jamestown Public Schools, Appel-
lees.

Bessie HANNAHS, Appellant,

v.

NEW YORK STATE TEACHERS' RE-
TIREMENT SYSTEM; Kenneth E.
Buhrmaster, Hiram Korpeck, Nicholas
Maletta, Frank Wells McCabe, Ellis Os-
trove, Richard E. Ten Haken, Carl Fre-
deen, Roderick Sager, and Margaret
Mary Walsh, individually and as mem-
bers of the New York State Teachers'
Retirement Board; Albert B. Lewis, in-
dividually and as Superintendent of the
New York State Insurance Department;
Spiro Bellow, Margaret Johnson, Ange-
lo Papa, Thomas Terwilliger, Sheridan
Hardenburg, Ralph Rasmusson, and J.
Ronald Seasted, individually and as
members of the Board of Education of
the Jamestown Public Schools, Appel-
lees.

Nos. 147, 148 Dockets 87–7288, –7290.

United States Court of Appeals,
Second Circuit.

Argued Sept. 21, 1987.

Decided Dec. 3, 1987.

Deborah A. Ellis, Isabelle Katz Pinzler,
New York City, for amicus curiae Ameri-
can Civil Liberties Union Foundation.

Douglas S. McDowell, Robert E.
Williams, Garen E. Dodge, McGuiness &
Williams, Washington, D.C., for amicus cu-
riae Equal Employment Advisory Council.

Janet Axelrod, NEA/New York, Albany,
N.Y. (Robert D. Clearfield, NEA/New
York, Albany, N.Y.; Deborah Watarz, Schi-
lian & Watarz, New York, N.Y.), for appel-
lants.

Dean G. Yuzek, New York City (Martin
I. Shelton, Peter C. Neger, Shea & Gould,
New York City; Karl E. Nisof, David A.
Weiss, New York State Teachers' Retire-
ment System, of counsel), for appellees
New York State Teachers' Retirement Sys-
tem and Kenneth E. Burhrmaster, et al.

John K. Plumb, Johnson, Peterson, Tener
& Anderson, Jamestown, N.Y., for appel-

lees Bd. of Educ. of the Jamestown Public Schools.

Before OAKES and KEARSE, Circuit Judges, and BONSAL, District Judge.*

PER CURIAM:

Two retired women teachers and one current woman teacher with vested pension and annuity benefits appeal from a memorandum opinion and order of the United States District Court for the Southern District of New York, Charles S. Haight, Jr., Judge, pertaining to the use of sex-distinct mortality tables. *Hannahs v. New York State Teachers' Retirement System,* 656 F.Supp. 387 (S.D.N.Y.1987). Following *Arizona Governing Committee for Tax Deferred Annuity and Deferred Compensation Plans v. Norris,* 463 U.S. 1073, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983) (*"Norris"*), the New York State Teachers' Retirement System developed sex-neutral mortality tables to compute benefits based on contributions or accruals made on and after August 1, 1983, the date *Norris* became final, but continued to use sex-distinct tables to compute benefits on contributions or accruals made on or before July 31, 1983. In the decision appealed from, Judge Haight held, first, that even though the use of sex-distinct tables for annuity purposes was a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., under *Los Angeles Department of Water and Power v. Manhart,* 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978), *Norris* did not apply retroactively to cover prejudgment contributions. Following *Spirt v. Teachers Insurance and Annuity Association,* 735 F.2d 23 (2d Cir.), *cert. denied,* 469 U.S. 881, 105 S.Ct. 247, 83 L.Ed.2d 185 (1984), Judge Haight said that "where a *guaranteed* payment may be identified, *Norris* precludes retroactive relief based on unisex tables which would impose a financial burden upon the plan," 656 F.Supp. at 390 (emphasis in original). He found that the annuity portion of the teacher's retirement allowance was a guaranteed payment and that retroactivity

would impose a financial burden. *Id.* at 390–91.

As to prospective relief, Judge Haight held, following footnote 4 of Justice O'Connor's concurring opinion in *Norris,* 463 U.S. at 1111, 103 S.Ct. at 3513, that employers need not "top up" benefits by using male-longevity tables for all workers; rather they can "midpoint," i.e., use sex-neutral tables that reflect the average longevity for all workers. *Hannahs,* 656 F.Supp. at 392–93. In addition, even though the sex-neutral tables adopted by the New York State Teachers' Retirement System disadvantage men, he dismissed the allegation that they violated New York State Constitution article V, section 7, which guarantees against reduction in vested retirement benefits. He concluded that Title VII superseded any inconsistent state constitutional requirements. *Id.*

We affirm, for the reasons stated by Judge Haight. However, we leave open the question whether in an appropriate case an employer may be required to "top up" benefits upon a showing that such relief is consistent with the pension fund's viability.